BLD-010                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1539
_____

IN RE: ANTHONY COOK; DOMINIC GALLMAN*;
JOHN SUTCLIFFE; FREDERICK HOWELL,

Petitioners

*Dismissed per Clerk's Order dated 9/24/14
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Fed. R. App. Pro. 21
October 9, 2014

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: October 10, 2014)
_____

OPINION
_____

PER CURIAM

        Petitioners Anthony Cook, John Sutcliffe and Frederick Howell, South Carolina

prisoners incarcerated at Lieber Correctional Institution in Ridgeville, seek mandamus

relief from this Court.  For the reasons that follow, we will deny the petition for writ of

mandamus.

In their petition, Cook, Sutcliffe and Howell complain about a hearing scheduled in South Carolina state court for March 6, 2014 in Gallman, et al. v. Warden McKie, 2013-CP-400-2294. The hearing was scheduled, allegedly without notice to them, by Chief Administrative Judge L. Casey Manning of the Fifth Judicial Circuit, Richland County Court of Common Pleas. They also complain about an alleged refusal by court staff to accept for filing their 160-page amended complaint. Cook, Sutcliffe and Howell further challenge the assignment of South Carolina Common Pleas Judge Eugene C. Griffith to their case, and they claim that Judges Manning and Griffith have engaged in a conspiracy, Petition, at 27, to violate their civil right to equal protection under the laws. Reference also is made in the mandamus petition and its attachments to a criminal prosecution in South Carolina relating to Lawrence Crawford, a/k/a Jahjah T. Tishbite, and a claim that he is being denied his rights under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., because legal counsel has not been appointed for him. In addition, reference is made to a New Jersey state court case, Gallman v. McKie, BER-L-1715-14, which originated in Essex County and now apparently is on appeal before the New Jersey Superior Court, Appellate Division.

Invoking 42 U.S.C. § 1985(3) and § 1986, and the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602 et seq., which pertains to civil actions involving foreign states, Cook, Sutcliffe and Howell state that, "[b]y the documents filed within the lower courts of both South Carolina and New Jersey," they "seek to enjoin the state and federal officials from interfering with federal foreign law, Theocratic law, and International law," Petition, at 13-14. They have asked us to exercise our mandamus jurisdiction to remove

Judge Griffith from their South Carolina case, to appoint legal counsel to represent them in their South Carolina and New Jersey cases, and to repair inmate Lawrence Crawford's word processor. Petition, at 36-37. They also want discovery in Crawford's case, Petition, at 46, contending that he is being framed in South Carolina for the murder of his 11 year-old daughter. They note that Crawford previously sought similar relief in the United States District Court for the District of New Jersey, Crawford v. State of New Jersey, D.C. Civ. No. 14-cv-00725[1], and, in connection with that unsuccessful civil action, they argue that they have shown that they have no alternative means for relief. We note that Sutcliffe previously sought similar mandamus relief in this Court. See In re: Sutcliffe, --- F. App'x ---, 2014 WL 3455058 (3d Cir. 2014) (denying mandamus relief).

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is granted only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Traditionally, it may be "used ... only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id.

---

[1] In this federal civil action, Crawford appeared to argue that his petition for post-conviction relief should be removed from the state court in South Carolina pursuant to 28 U.S.C. § 1443(1), which permits the removal of a criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." The District Court concluded that Crawford failed to identify any right conferred on him by a federal statute addressing racial equality that inevitably would be violated by his criminal prosecution in South Carolina.

3

(quoting Will v. United States, 389 U.S. 90, 95 n.2 (1967)). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

To the extent that Cook, Sutcliffe and Howell are challenging the handling of the Gallman cases in the state courts of South Carolina and New Jersey and the actions of state officials with respect to those cases, they do not allege an action or omission by a United States District Court or federal official within this circuit over which we might exercise our authority by way of mandamus. Cf. United States v. Christian, 660 F.2d 892, 895 (3d Cir. 1981) (focal question for federal appellate court is whether action of federal District Court impedes appellate jurisdiction granted in some other provision of law). Accordingly, exercise of our mandamus jurisdiction here would be improper. In addition, Cook, Sutcliffe and Howell lack standing to seek mandamus relief in connection with Lawrence Crawford's criminal case, see United States v. Mindel, 80 F.3d 394, 398 (9th Cir. 1996) (except in First Amendment cases, party that does not have standing to directly appeal district court's order does not have standing to petition court of appeals for writ of mandamus). Moreover, as non-lawyer pro se litigants, they may not represent parties in the federal courts other than themselves, including Lawrence Crawford. See 28 U.S.C. § 1654; see also Osei-Afriyie v. Medical College of Pa., 937 F.2d 876, 882–83 (3d Cir. 1991).

For the foregoing reasons, we will deny the petition for writ of mandamus.

4